# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEPRINO FOODS COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JND THOMAS COMPANY, INC., et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01181-LJO-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED AND ADDRESSING DEFICIENCIES IN PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>FIVE DAY DEADLINE |

**I.**

**BACKGROUND**

Plaintiff filed this action alleging diversity jurisdiction on August 10, 2016, bringing claims based upon breach of an agreement between Plaintiff and Defendant JND Thomas Company, Inc. ("JND"). (ECF No. 1.)  After the defendants failed to file an answer, default was entered against Defendants JND and Dennis Thomas on October 28, 2016.  (ECF Nos. 11, 12.)

Plaintiff filed a motion for default judgment in this action on November 23, 2016.  (ECF Nos. 13-16.)  Upon review of Plaintiff's motion, the Court finds that Plaintiff's complaint fails to establish that diversity jurisdiction exists, and the motion for default judgment is insufficient in several areas which shall be addressed herein.  The Court shall require Plaintiff to show cause why the complaint in this action should not be dismissed with leave to amend.

## II.

## DISCUSSION

### A.   Dismissal of Complaint for Failure to Allege Diversity Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). As relevant here, the Court has subject-matter jurisdiction to rule on cases in which defendants and plaintiffs are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The Supreme Court has interpreted § 1332 to require complete diversity between parties, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)). In order to plead a claim by virtue of diversity of citizenship, a plaintiff is required to plead the essential elements of diversity jurisdiction. Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

In this instance, Plaintiff is a corporation formed under the laws of the State of Colorado with its principal place of business in Denver, Colorado. (Compl. ¶ 1.) Defendant JND is a corporation formed under the laws of the State of California with its principal place of business in Riverside, California. (Compl. ¶ 3.) Therefore, Plaintiff and Defendant JND are citizens of different states. However, Plaintiff alleges that Defendant Thomas resides in Riverside, California. (Compl. ¶ 3.) "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter, 265 F.3d at 857. The allegation that Defendant Thomas resides in California is not sufficient to show that he is a citizen of California. Plaintiff's failure to allege citizenship of Defendant Thomas is fatal to Plaintiff's assertion of diversity jurisdiction. Kanter, 265 F.3d at 858.

Plaintiff has failed to alleged sufficient facts for the Court to find that complete diversity

of citizenship exists in this action. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In this instance, the Court finds that Plaintiff may be able to allege facts to cure the jurisdictional deficiencies in the complaint. Accordingly, Plaintiff's complaint should be dismissed with leave to file an amended complaint to address the citizenship of Defendant Thomas. Plaintiff shall be required to show cause why the complaint in this action should not be dismissed for failure to show that diversity jurisdiction exists in this action.

### B. Deficiencies in Motion for Default Judgment

Having reviewed Plaintiff's motion for default judgment, the Court also addresses the deficiencies identified in the motion.

#### 1. Venue

The agreement between the parties provides that "the parties expressly consent to the exclusive jurisdiction and venue in the Federal Courts for the District of Colorado or the State courts of the Second Judicial District of Denver, Colorado. Accordingly, any action or proceeding brought by either party which is based on, or derives from, this Agreement will be brought in such courts." By-Product Removal Service Agreement ¶ 14, ECF No. 16-1.

In any motion for default judgment, Plaintiff shall address whether this action may properly be heard in the Eastern District of California where the agreement provides for the exclusive jurisdiction of the Federal Courts of the District of Colorado.

#### 2. Legal Standards to Apply to Plaintiff's Claims

Plaintiff has not provided any legal standard or analysis for the claims at issue in this action. A district court sitting in diversity generally must apply the choice of law rules for the state in which it sits. Rennick v. O.P.T.I.O.N. Care, Inc., 77 F.3d 309, 313 (9th Cir. 1996) (citations omitted). "Under California choice of law rules, contracting parties may agree to what law controlled unless the choice is contrary to a fundamental interest of a state with a materially greater interest." Id. In California, "a freely and voluntarily agreed-upon choice of law provision in a contract is enforceable 'if the chosen state has a substantial relationship to the parties or the transaction or any other reasonable basis exists for the parties' choice of law.' " 1–

800–Got Junk? LLC v. Super. Ct., 189 Cal.App.4th 500, 513–14 (2010) (quoting Trust One Mortg. Corp. v. Invest Am. Mortg. Corp., 134 Cal.App.4th 1302, 1308 (2005)). There is a strong policy in favor of enforcing choice of law provisions. 1–800–Got Junk? LLC, 189 Cal.App.4th at 513. "[I]f the proponent of the clause demonstrates that the chosen state has a substantial relationship to the parties or their transaction, or that a reasonable basis otherwise exists for the choice of law, the parties' choice generally will be enforced unless the other side can establish both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue." Id. at 514 (emphasis in original).

The agreement at issue here provides that it will be "governed by, and construed in accordance with, the laws of the State of Colorado." By-Product Removal Service Agreement ¶ 14, ECF No. 16-1. Plaintiff shall be required to address the law that will apply in this action and discuss the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself as to each claim for relief asserted.

Further, Plaintiff is advised that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations in the complaint must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

3. Relief Requested

Finally, in support of the amount requested of $88,844.03, Plaintiff submits a declaration stating this amount is for professional fees incurred and paid for "environmental professionals

that assisted [Plaintiff] in responding to the Regional Board, prepare and submit a work plan." (Decl. of Jon Alby ¶ 13, ECF No. 16.)  Regardless of the law that applies in this action, the Court finds Plaintiff's declaration is insufficient to establish the damages in this action.  While Plaintiff states that this amount was incurred for professional fees, Plaintiff has submitted no documentation to support the amount requested.  The Court shall require more than a declaration setting forth the amount sought with the conclusory statement it is for professional fees incurred.  The Court would assume that such professional fees would be able to be demonstrated by invoices from the professionals documenting the specific services provided.  Accordingly, Plaintiff shall be required to provide evidence in support of the claim for monetary damages establishing that the damages are related to the violations alleged in the complaint and the amount requested.  Palmer v. Connecticut Ry. & Lighting Co., 311 U.S. 544, 558 (1941) (the quantum of proof produced must form an adequate basis for a reasoned judgment); Nw. Adm'rs, Inc. v. Uzunov Trucking, LLC, No. C09-1229RAJ, 2010 WL 933873, at *1 (W.D. Wash. Mar. 11, 2010) ("it is not enough to provide some evidence, request a damage award, and leave it up to the court to figure out how counsel derived the damage request from the evidence").

### III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing within five (5) days why the complaint filed August 10, 2016, should not be dismissed with leave to amend for failure to allege diversity jurisdiction.

IT IS SO ORDERED.

Dated:   **December 12, 2016**

UNITED STATES MAGISTRATE JUDGE