# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEPRINO FOODS COMPANY,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>JND THOMAS COMPANY, INC., et al.,<br><br>　　　Defendants. | Case No.  1:16-cv-01181-LJO-SAB<br><br>ORDER RE SUPPLEMENTAL BRIEFING<br><br>DEADLINE: January 6, 2017 |

On December 28, 2016, the Court heard oral argument on Plaintiff's motion for default judgment. During the hearing, Plaintiff was provided with the opportunity to file supplemental briefing on the issue of Colorado law.

Additionally, Plaintiff argues that California law applies to the claims against Defendant Thomas because he was not a party to the contract. While not a party to the contract, Defendant Thomas signed the contract and all duties and obligations arise under the contract. "The California Supreme Court has held that a valid choice-of-law clause, which provides that a specified body of law governs the agreement between the parties, encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized, including tortious breaches of duties emanating from the agreement or the legal relationships it creates." Hatfield v. Halifax PLC, 564 F.3d 1177, 1183 (9th Cir. 2009) (quoting Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459 (1992)) (internal punctuation omitted).

In light of the facts of this action, Plaintiff shall address why the choice of law would not apply to the claims against Defendant Thomas. Further, Plaintiff alleges that Defendant Thomas is liable in his individual capacity for the tort of negligence. The Court shall require Plaintiff to address, and cite relevant authority, on why any alleged duty of care does not arise from the contract; how Defendant Thomas, as a signatory of the contract, can be liable in his individual capacity for the tort of negligence; and how the allegations in the complaint are sufficient to state a plausible claim against Defendant Thomas.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file supplemental briefing on or before January 6, 2017, addressing Colorado law as it applies to the claims in this action; why Colorado law would not apply to the claims against Defendant Thomas; and Plaintiff's theory of individual liability for Defendant Thomas citing relevant authority.

IT IS SO ORDERED.

Dated:   **December 29, 2016**

UNITED STATES MAGISTRATE JUDGE