1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEPRINO FOODS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>JND THOMAS COMPANY, INC., et al.,<br><br>    Defendants. | Case No.  1:16-cv-01181-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF Nos. 13-16, 21, 23, 25, 29)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiff Leprino Foods Company motion for default judgment.  (ECF Nos. 13-16.)  Defendants JND Thomas Company and Dennis Thomas have not filed an opposition to the motion and the time to do so has expired.

Oral argument on Plaintiff's motion was set for December 28, 2016.  Counsel Patrick Markham appeared telephonically for Plaintiff Leprino Foods Company.  Defendants did not appear for the hearing.

/ / /

/ / /

/ / /

/ / /

/ / /

# I.

## BACKGROUND

On May 6, 2011, Plaintiff Leprino Foods Company ("Plaintiff") and Defendant JND. Thomas Company ("Defendant JND") executed a By-Product Removal Service Agreement. (First Am. Compl. ¶ 6.)   The agreement provided that Defendant JND would remove and lawfully dispose of all by products from Plaintiff's business.  (First Am. Compl. ¶ 7-9.)   On September 21, 2015, Plaintiff and Defendant JND received a notice a notice of violation ("NOV") from the Central Valley Regional Water Quality Control Board based upon the handling of residual solids from Plaintiff's wastewater processing facility.  (First Am. Compl. ¶ 11.)  On October 2, 2015, Plaintiff tendered a demand that Defendant JND pay the costs and expenses incurred relating to the violation.  (First Am. Compl. ¶ 13.)  Defendant JND assured Plaintiff that Defendant JND would provide full indemnity for the costs and expenses.  (First Am. Compl. ¶ 13.)

On January 22, 2016, a final Cleanup and Abatement Order ("CAO") found that Plaintiff's facility was not in compliance regarding the proper disposal of residual solids.  (First Am. Compl. ¶ 12.)  Plaintiff has incurred costs and expenses in excess of $89,000.00 to resolve the violations.  (First Am. Compl. ¶ 15.)  Plaintiff requested that Defendant JND pay the costs and expenses by May 17, 2016, or a civil action would be filed.  (First Am. Compl. ¶ 16.) Defendant JND did not pay the requested costs and expenses.  (First Am. Compl. ¶ 20.)

On August 10, 2016, Plaintiff filed this action against Defendants JND and Thomas alleging claims for breach of contract, declaratory relief, implied indemnity, and negligence. (ECF No. 1.)  Defendants JND and Thomas were served on September 6, 2016.  (ECF Nos. 5-1, 5-2.)  On October 28, 2016, entry of default was entered against Defendants JND and Thomas. (ECF Nos. 11, 12.)  Plaintiff filed a motion for entry of default judgment on November 23, 2016. (ECF Nos. 13-16.)  Plaintiff is seeking monetary damages of $88,844.03, attorney fees and costs in the amount of $21,960.75, and a declaratory judgment that Defendants are responsible for further costs and attorney fees incurred pursuant to the agreement.

On December 12, 2016, an order issued requiring Plaintiff to show cause why the

1  complaint should not be dismissed for failure to properly allege diversity jurisdiction and

2  addressing specific deficiencies in the motion for entry of default judgment.  (ECF No. 19.)

3  Plaintiff filed a first amended complaint on December 16, 2016.  (ECF No. 20.)  On December

4  19, 2016, Plaintiff filed a response to the order to show cause and requested additional time to

5  file a supplemental declaration and evidence.  (ECF No. 21.)  On December 20, 2016, an order

6  issued discharging the order to show cause and granting Plaintiff's request to file a supplemental

7  declaration and evidence.  (ECF No. 22.)  On December 22, 2016, Plaintiff filed two declarations

8  in support of the motion for default judgment.  (ECF Nos. 23, 25.)  During oral argument on

9  December 28, 2016, Plaintiff was permitted to file supplemental briefing addressing Colorado

10  law.  (ECF Nos. 26, 28.)  On January 6, 2017, Plaintiff filed a supplemental memorandum of

11  points and authorities.  (ECF No. 29.)

## II.

### LEGAL STANDARDS FOR DEFAULT JUDGMENT

14  Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which

15  states, in pertinent part:

> (2)  **By the Court.**  In all other cases[1], the party must apply to the court for a
> default judgment.  A default judgment may be entered against a minor or
> incompetent person only if represented by a general guardian, conservator, or
> other like fiduciary who has appeared.  If the party against whom a default
> judgment is sought has appeared personally or by a representative, that party or its
> representative must be served with written notice of the application at least 7 days
> before the hearing.  The court may conduct hearings or make referrals—
> preserving any federal statutory right to a jury trial—when, to enter or effectuate
> judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

23  Upon entry of default, the complaint's factual allegations regarding liability are taken as

24  true.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v.

25  Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008).  However, the complaint's factual allegations

26  relating to the amount of damages are not taken as true.  Geddes, 559 F.2d at 560.  Accordingly,

---

[1] Rule 55(b)(1) governs entry of default judgment by the clerk in cases where the plaintiff's claim is for a sum
certain or a sum that can be made certain by computation, which does not apply in this case.

the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp., 549 F. Supp. 2d at 1236; Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012).  Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

The Court's decision on whether to enter a default judgment is discretionary.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  The Ninth Circuit has set forth the following factors that the court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

### III.

### DISCUSSION

**A.    Jurisdiction**

The operative complaint in this action is the first amended complaint filed on December 16, 2016.  (ECF No. 20.)

1.    Subject-Matter Jurisdiction

The Court has subject-matter jurisdiction to rule on cases in which defendants and plaintiffs are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The Supreme Court has interpreted § 1332 to require complete diversity between parties, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)).

Plaintiff is a corporation formed under the laws of the State of Colorado with its principal place of business in Denver, Colorado.  (First Am. Compl. ¶ 1.)  Defendant JND is a corporation

formed under the laws of the State of California with its principal place of business in Riverdale, California.  (First Am. Compl. ¶ 3.)  Defendant Thomas is a citizen of the state of California.  (First Am. Compl. ¶ 3.)  Plaintiff's allegations are sufficient to establish that diversity of citizenship exists between all defendants and the plaintiff in this action.

Plaintiffs are seeking damages of $88,844.03.  (ECF No. 14 at 6.)  The jurisdictional requirement for the amount in controversy is met.

As Plaintiff has adequately alleged diversity of citizenship and the amount in controversy requirement, the Court finds that jurisdiction exists under 28 U.S.C. § 1332.[2]

2.    Service of Process

a.    **Service on Corporation**

The Federal Rules of Civil Procedure provide for two ways to effectuate service on a corporation.  Pursuant to Federal Rule of Civil Procedure 4(h), a corporation must be served "in a manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the

---

[2] In the response to the order to show cause, Plaintiff addressed the issue of venue.  The contract at issue in this action provides that "the parties expressly consent to the exclusive jurisdiction and venue in the Federal Courts for the District of Colorado or the State courts of the Second Judicial District of Denver, Colorado.  Accordingly, any action or proceeding brought by either party which is based on, or derives from, this Agreement will be brought in such courts."  By-Product Removal Service Agreement ¶ 14, ECF No. 16-1.

In this action, venue is governed by 28 U.S.C. § 1391 which, as relevant here, provides that a civil action may be commenced in any judicial district in which any defendant resides or a substantial part of the events or omissions giving rise to the claims occurred.  28 U.S.C. § 1321(b).  Since all defendants reside in this judicial district and a substantial part of the events at issue occurred in this judicial district, venue is proper.  Here, venue is correct regardless of the forum selection clause included in the parties' contract.  Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 578 (2013).

The proper procedure to enforce a forum selection clause in a contract is by a motion to transfer venue under 28 U.S.C. § 1404(a) which provides that a district court may transfer a civil action to another district in which the action could have been brought or to which all parties have consented for the convenience of parties and witnesses, in the interest of justice.  Atl. Marine Const. Co., 134 S. Ct. at 575.  Plaintiff argues that Defendants have waived the challenge to venue by failure to timely assert improper venue citing Seventh Circuit authority.  In this circuit, district courts have found that since the Supreme Court has given the admonition that "a forum selection clause be 'given controlling weight in all but the most exceptional cases,' " the defense is not waived solely by delay in raising venue.  Allianz Glob. Risks U.S. Ins. Co. v. Ershigs, Inc., 138 F. Supp. 3d 1183, 1188 (W.D. Wash. 2015), appeal dismissed (Jan. 22, 2016).  Even where courts have imposed a requirement that venue be raised within a reasonable time, " 'untimeliness will not effect a waiver'; rather, 'it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve.' "  Allianz Glob. Risks U.S. Ins. Co., 138 F. Supp. 3d at 1188 (quoting In re Air Crash Disaster Near New Orleans, La. on July 9, 1982, 821 F.2d 1147, 1166 (5th Cir. 1987)).

In this instance, although Defendants have been served with notice of the action they have failed to appear.  Due to the failure to appear, and entry of default, the Court finds that Defendants have waived any challenge to venue in this district.

summons and of the complaint to an officer, a managing or general agent or any agent, authorized by appointment or by law to receive service of process. . . ." Rule 4(e)(1) provides that service may be effectuated by following the law of the state in which the service is to be made.

Under California law service of a corporation may be made by service on the person designated as agent for service of process or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager or a person authorized by the corporation to receive service of process."  Cal. Code. Civ. P. §§ 416.10(a) and (b).  Under either method, service of a corporation must be made on either the agent for service or "a representative so integrated with the organization that he will know what to do with the papers."  Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citations omitted).

Dennis Thomas is the designated agent for service for JND Thomas Company, Inc.  See Business Entity Detail for J.N.D. Thomas Company, Inc. located at http://kepler.sos.ca.gov/, enter JND Thomas Company at Entity Name, last visited December 7, 2016.  Plaintiff served Defendant JND on September 6, 2016 by leaving the service documents with the operations manager at the address listed for the agent for service of process.  (ECF No. 9-2 at 8.)  On September 21, 2016, Plaintiff had copies of the service documents mailed to the address at which the service documents were left.  The Court finds that service on Defendant JND was proper under California law.

**b.**   **Service on Individual**

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for the manner of service on an individual.  Rule 4(e) states that an individual may be served by following state law for service of the summons in the state where the court is located or by personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service.  Fed. R. Civ. P. 4(e)(2).

Under California law, an individual may be served by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process.  Cal. Civ. Proc. Code. § 416.90.  In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on an individual by substituted service which requires leaving the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address in the presence of a competent member of the household or a "person apparently in charge" and thereafter mailing a copy of the summons and of the complaint to the defendant at that same place the summons and complaint were left.  "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal.1995) (quoting Bein v. Brechtel–Jochim Group, Inc., 6 Cal.App.4th 1387, 1390 (1992) (citing Espindola v. Nunez, 199 Cal.App.3d 1389, 1392 (1988)).

On September 6, 2016, Plaintiff served a copy of the summons and complaint on Defendant Thomas by leaving the documents with the operations manager of his place of business.  (ECF No. 9-2 at 4.)  Prior to effecting substituted service, service was attempted on August 31, 2016; September 1, 2016; and September 5, 2016.  (ECF No. 9-2 at 5.)  Plaintiff then mailed the service documents to the address that the summons and complaint were left on September 13, 2016.  (ECF No. 9-2 at 6.)  The Court finds that service on Defendant Thomas was proper under California law.

**B.    The Eitel Factors Weigh in Favor of Default Judgment**

As discussed below, consideration of the Eitel factors weighs in favor of granting default judgment in this instance against Defendant JND.

1.    Possibility of Prejudice to Plaintiff

The first factor weighs in favor of entry of default judgment.  If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations alleged in this action unless Defendants appear.  Defendants may never appear in the action.  Therefore, this factor weighs in favor of granting default judgment.

1          2.      The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

2          Plaintiff brings claims for breach of contract, declaratory relief, and implied indemnity

3   which would be against Defendant JND.  Plaintiff also alleges a claim of negligence against

4   Defendant Thomas.  The court is to evaluate the merits of the substantive claims alleged in the

5   complaint as well as the sufficiency of the complaint itself.  In doing so, the court looks to the

6   complaint to determine if the allegations contained within are sufficient to state a claim for the

7   relief sought.  Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

8          **a.      Law to Apply to Plaintiff's Claims**

9          Initially, the Court notes that the agreement at issue here provides that it will be

10  "governed by, and construed in accordance with, the laws of the State of Colorado."  (By-

11  Product Removal Service Agreement ¶ 14, ECF No. 16-1.)  Plaintiff asserts that since

12  Defendants did not appear and assert the choice of law provision, California law would apply in

13  this action.

14          i.      Defendants have not waived the choice of law provision

15          Plaintiff argues that the parties can waive the choice of law provision citing Air Liquid v.

16  Continental Casualty Company, 217 F.3rd 1272, n.2 (10th Cir. 2000).  However, in Air Liquid

17  the court was addressing whether Oklahoma or Texas law would apply, and was not considering

18  the matter under California law.  Further, the court found that the issue had been waived where

19  both parties presented the issue in terms of Oklahoma law and by arguing Oklahoma law applied

20  the choice of law issue was waived.  That is not the case in this instance.

21          Similarly, in Good v. Nippon Yusen Kaisha, No. 1:12-CV-01882-AWI, 2013 WL

22  2664193, at *4 (E.D. Cal. June 12, 2013), the court was considering an argument that the choice

23  of law and forum selection clause had been waived where the parties had agreed to exclusive

24  jurisdiction in Japan and application of Japanese law.  The court stated that "even if Defendants

25  have waived the choice of law provision by not following Japanese law, this does not mean that

26  they have waived the forum selection clause."  The Good court did not make a finding that the

27  choice of law provision was waived and their statement that "even if Defendants have waived the

28  choice of law provision" is not persuasive authority to support the argument that the choice of

law provision would be waived based on the circumstances presented here.

Plaintiff's also rely on Ellison Framing, Inc. v. Zurich Am. Ins. Co., 805 F. Supp. 2d 1006 (E.D. Cal. 2011), an action in which the Defendant sought to compel arbitration of an insurance agreement. Id. at 1009. The plaintiff filed suit in state court seeking to have the venue provision of the agreement found to be unconscionable and after the defendant removed the action, the defendant argued that the court should not overturn the venue decision rendered by the American Arbitration Association ("AAA"). Id. at 1009-10. The court found that it did not have authority to overturn the AAA venue decision. Id. at 1010. The plaintiff sought to have the venue clause of the agreement found to be unconscionable. Id. The court found that the choice of law provision provided that disputes were to be governed by New York law, but that the parties waived this provision by both arguing California law. Id. at 1011 n.1. The Ellison court found that by proffering that California law applied to their agreement and by proffering California law the parties had waived the choice of law provision. That is not the situation here, where the defendant has made no affirmative representation that state law other than that agreed to by the contract would govern in this action.

In addressing a motion for default judgment in a breach of contract, the court rejected a plaintiff's similar argument that the choice of law provision should not be applied where the defendant fails to appear. See Datatel Sols., Inc. v. Keane Telecom Consulting, LLC, No. 2:12-CV-1306-GEB-EFB, 2015 WL 411238, at *5-6 (E.D. Cal. Jan. 30, 2015), report and recommendation adopted, No. 2:12-CV-1306-GEB-EFB, 2015 WL 792808 (E.D. Cal. Feb. 24, 2015) (choice of law provision must be applied in diversity action under California law); see also Gen. Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1505 (9th Cir. 1995) (party did not waive choice of law where it never specifically argued that a different state's law applied). "Under California law, waiver is 'the intentional relinquishment or abandonment of a known right[;] and "always is based upon the parties' intent." San Francisco Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp., 111 F.Supp.3d 1055, 1072–73 (N.D. Cal. 2015) (citations omitted). Additionally, other courts enforce the choice of law provisions in default judgment on breach of contract claims. Phillips 66 Co. v. Petros Rai Stations, LLC, No. 2:15-

1   CV-0368-TLN-KJN, 2016 WL 1654957, at *5 (E.D. Cal. Apr. 27, 2016); JBR, Inc. v. Cafe Don

2   Paco, Inc., No. 12-CV-02377 NC, 2014 WL 5034640, at *12 (N.D. Cal. Aug. 25, 2014), report

3   and recommendation adopted as modified sub nom. JBR, Inc. v. Cafe Don Paco, Inc., No. 12-

4   CV-02377-JD, 2014 WL 5034292 (N.D. Cal. Sept. 30, 2014); Allegro Consultants, Inc. v.

5   Wellington Techs., Inc., No. 13-CV-02204-BLF, 2016 WL 1623941, at *3 (N.D. Cal. Apr. 25,

6   2016); Century 21 Real Estate, LLC v. Ramron Enterprises, No. 1:14-CV-00788-AWI, 2015 WL

7   521350, at *4 (E.D. Cal. Feb. 9, 2015); cf. Hrothgar Investments, Ltd. v. Houser, No. 15-CV-

8   01116-JCS, 2015 WL 5853634, at *5 (N.D. Cal. Aug. 18, 2015), report and recommendation

9   adopted, No. 15-CV-01116-JD, 2015 WL 5747932 (N.D. Cal. Sept. 30, 2015) (declining to

10  apply choice of law provision where record demonstrated no more than that the law of Singapore

11  followed closely with the legal principles of the laws of the United States and Great Britain).

12  The Court finds that Defendant's failure to appear is not sufficient to waive the choice of law

13  provision in the contract.

14         **b.     Colorado law applies to the claims in this action**

15         In determining the enforceability of a choice of law provision in a diversity action, a

16  federal court applies the choice of law rules of the forum state, in this case California.  Hatfield

17  v. Halifax PLC, 564 F.3d 1177, 1182 (9th Cir. 2009).  "Under California choice of law rules,

18  contracting parties may agree to what law controlled unless the choice is contrary to a

19  fundamental interest of a state with a materially greater interest."  Rennick v. O.P.T.I.O.N. Care,

20  Inc., 77 F.3d 309, 313 (9th Cir. 1996).  In California, "a freely and voluntarily agreed-upon

21  choice of law provision in a contract is enforceable 'if the chosen state has a substantial

22  relationship to the parties or the transaction or any other reasonable basis exists for the parties'

23  choice of law.' "  1–800–Got Junk? LLC v. Super. Ct., 189 Cal.App.4th 500, 513–14 (2010)

24  (quoting Trust One Mortg. Corp. v. Invest Am. Mortg. Corp., 134 Cal.App.4th 1302, 1308

25  (2005)).  There is a strong policy in favor of enforcing choice of law provisions.  1–800–Got

26  Junk? LLC, 189 Cal.App.4th at 513.

27         The agreement at issue here provides that it will be "governed by, and construed in

28  accordance with, the laws of the State of Colorado."  (By-Product Removal Service Agreement ¶

14, ECF No. 16-1.)  "If the parties state their intention in an express choice-of-law clause, California courts ordinarily will enforce the parties' stated intention. . . ."  <u>Hatfield</u>, 564 F.3d at 1182.  Here, the parties have agreed that the laws of the State of Colorado apply to claims arising out of the contract.

Having determined the parties' intention to apply Colorado law to the contract at issue, the Court next analyzes "whether: (1) the chosen jurisdiction has a substantial relationship to the parties or their transaction; or (2) any other reasonable basis for the choice of law provision exists."  <u>Hatfield</u>, 564 F.3d at 1182.  If either one of these tests is met, the court determines whether California state law would apply in the absence of a valid choice of law provision.  <u>First Intercontinental Bank v. Ahn</u>, 798 F.3d 1149, 1153 (9th Cir. 2015).  If California law would apply in the absence of the choice of law provision, the Court then determines if the relevant portion of the chosen state's law is contrary to a fundamental policy in California law.  <u>Id.</u>  If there is a conflict with California law, the court "determines whether California has a " 'materially greater interest than the chosen state in the determination of the particular issue. . . ."  <u>Id.</u>  If all of these criteria are met the court will apply California law, otherwise the law of the forum selected in the contract will be applied.  <u>Id.</u>

i.      <u>A substantial relationship and reasonable basis exists to apply Colorado law</u>

Courts hold that the state of incorporation and the state in which a corporation has its principal place of business have a substantial relation to the parties which provides a reasonable basis for the choice of law provision.  <u>Hatfield</u>, 564 F.3d at 1183; <u>Datatel Sols., Inc.</u>, No. 2:12-CV-1306-GEB-EFB, at *5; <u>Am. Boat Racing Ass'n v. Richards</u>, No. 2:14-CV-1909-KJM-KJN, 2015 WL 1320956, at *4 (E.D. Cal. Mar. 24, 2015).   Here, Plaintiff is a corporation formed under the laws of the State of Colorado with its principal place of business in Denver, Colorado.  (First Am. Compl. ¶ 1.)  Therefore, there is a both a substantial relationship between the contract and Colorado and a reasonable basis for the choice of law provision.

ii.     <u>California law would apply in the absence of a valid choice of law provision</u>

In the absence of a valid choice of law provision, the court is to consider "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the

1     location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of

2     incorporation and place of business of the parties." <u>First Intercontinental Bank</u>, 798 F.3d at 1154

3     (quoting Restatement (Second) of Conflict of Laws § 188).

4         The contract in this action was signed by the plant manager and Dennis Thomas which

5     might indicate that it was negotiated and entered into in California.  (ECF No. 16-1 at 7.)

6     However, Plaintiff has not addressed the issue and it cannot be established based upon the

7     evidence presented in this action where the contract was negotiated and entered into.  Plaintiff is

8     a Colorado corporation, Defendant JND is a California corporation, and Defendant Dennis

9     Thomas resides in California.  These factors do not weigh in favor of applying either California

10    or Colorado law.

11        The contract was to be performed at Plaintiff's facility located at 351 N. Belle Haven

12    Drive, Lemoore, California.  (<u>Id.</u> at 2.)  The contract was for Defendant JND to dispose of by-

13    products from Plaintiff's California facility.  (<u>Id.</u>)  These factors would weigh in favor of

14    applying California law in the absence of a valid choice of law provision as the contract was

15    performed in California.

16          iii.     <u>Colorado law is not contrary to California public policy</u>

17        Therefore, the Court next considers whether Colorado law is contrary to California public

18    policy.  This action is proceeding on a breach of contract and negligence claim for which

19    Plaintiff contends that California law and Colorado law are substantially the same.  (ECF No. 21

20    at 9.)  Plaintiff has not identified, and the Court finds no area of Colorado law that would be

21    applied in this action which would be contrary to California public policy.  Therefore, the choice

22    of law provision will apply and Colorado law is applicable in this action.

23        Initially, Plaintiff argued that since Defendant Thomas is not a party to the contract, the

24    choice of law provision would not apply to his claims and California negligence law would

25    apply.  However, Defendant Thomas signed the contract for JND Thomas Company and his

26    obligations or duties to Plaintiff would only arise under the contract.  "The California Supreme

27    Court has held that a valid choice-of-law clause, which provides that a specified body of law

28    governs the agreement between the parties, encompasses all causes of action arising from or

1  related to that agreement, regardless of how they are characterized, including tortious breaches of

2  duties emanating from the agreement or the legal relationships it creates." Hatfield, 564 F.3d at

3  1183 (quoting Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459 (1992)) (internal

4  punctuation omitted). In Plaintiff's supplemental briefing he concedes that Colorado law would

5  likely apply to the negligence claim if the choice of law provision is not waived. The Court finds

6  that Colorado law will also apply to the negligence claim in this action.

7  　　　　　**c.　　Breach of Contract Claim**

8  　　　　"Under Colorado law, a breach of contract claim has four elements: '(1) the existence of

9  a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure

10 to perform the contract by the defendant; and (4) resulting damages to the plaintiff.' "[3] Matthys

11 v. Narconon Fresh Start, 104 F. Supp. 3d 1191, 1204 (D. Colo. 2015) (citations omitted).

12 　　　　The first amended complaint alleges that Plaintiff entered into an agreement with

13 Defendant JND in which JND was hired to dispose of all byproducts from Plaintiff's facility.

14 (ECF No. 20 at ¶¶ 6-8.) The elements of a valid binding contract are sufficiently alleged. See

15 Sumerel v. Goodyear Tire & Rubber Co., 232 P.3d 128, 133 (Colo. 2009) ("A contract is formed

16 when one party makes an offer and the other accepts it, and the agreement is supported by

17 consideration."). Plaintiff performed all, or substantially all its obligations under the contract.

18 (ECF No. 20 at ¶ 18.) Defendant JND failed to perform the contract by not properly handling,

19 transporting, and disposing of by-products in compliance with all applicable local, state and

20 federal rules and regulations. (Id. at ¶ 19.) A violation notice was received on September 21,

21 2015 and a draft Cleanup and Abatement Order from the Central Valley Regional Water Quality

22 Control Board. (Id. at ¶ 11.) The final order found that Defendant JND dewatered pond solids

23 from Plaintiff's facility and deposited them rural properties not permitted to receive such waste.

24 (Id. at ¶ 12.)

25 　　　　The agreement provides that Defendant JND will indemnify Plaintiff for "from and

26 against any and all damages (including direct, indirect, incidental and consequential), claims,

27 ─────────────
[3] Similarly, "[u]nder California law, to prevail on a breach of contract claim, a plaintiff must establish: (1) the
28 existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) breach by the defendant; and
(4) causation of damages." Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal.App.4th 1171, 1178 (2008).

demands, . . .losses, costs and expenses (including, without limitation, reasonable attorneys' fees, expert fees, court costs and other expenses of litigation), and liabilities of any kind or nature whatsoever suffered or incurred . . . as a result of, arising out of or in connection with the performance of the Services, provided that any such matter is caused by [Defendant JND] or its employees', agents', consultants' or subcontractors' willful misconduct, negligence or breach of this Agreement." (Id. at ¶ 9.)  Plaintiff tendered a demand for Defendant JND to pay costs and expenses for cleanup of the site as provided in the contract.  (Id. at ¶ 13.)  Defendant JND has failed to pay the costs and expenses incurred by Plaintiff in resolving the violation notice.  (Id. at ¶ 20.)  Due to Defendant JND's failure to properly perform the contracted services, Plaintiff has incurred expenses in excess of $89,000.00.  (Id. at ¶ 15.)

Plaintiff's first amended complaint adequately alleges facts to state a claim for breach of contract.[4]

### d.    Declaratory Relief

Plaintiff's second claim for relief seeks declaratory relief.  "The propriety of granting declaratory relief in a diversity jurisdiction action, presents a procedural question, to which the court applies federal law."  Wishnev v. Nw. Mut. Life Ins. Co., 162 F.Supp.3d 930, 952 (N.D. Cal. 2016) (citations omitted).  Declaratory relief is not an independent cause of action or theory of recovery, but a remedy where an actual controversy exists between the parties in the action.  28 U.S.C. § 2201(a).  Declaratory relief is only appropriate where there is an actual and substantial controversy between parties with adverse legal interests.  Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937).

Here, Plaintiff seeks "a declaratory judgment, adjudicating the obligations of Defendants, and each of them, to defend Plaintiff in this action and in any proceeding brought regarding JND's disposal of the By-Products, to hold Plaintiff harmless from any judgment or settlement herein, and to reimburse Plaintiff for all costs; expenses, attorney's fees, and other damages incurred in defending NOV and/or CAO." (ECF No. 20 at ¶¶ 22-25, p. 9.)  Plaintiff also seeks

---

[4] Plaintiff's third claim for relief of implied indemnity was pled in the alternative in case the agreement between the parties was found to be unenforceable.  Since the Court finds the agreement enforceable, this claim for relief shall not be addressed.

costs to be incurred in the future to remediate the damage caused by Defendants.

As addressed above, Defendant JND entered into a valid contract with Plaintiff to dispose of waste in compliance with all local, state, and federal laws.  Defendant JND was found to have breached this duty by placing waste on rural properties that were not permitted to receive such waste.  Due to Defendant JND's conduct in disposing of the waste products, Plaintiff incurred expenses to resolve the issue.  The contract between the parties provides that Defendant JND will

> protect, defend (by counsel satisfactory to the Owner), indemnify and hold harmless the Owner, its officers, directors, employees, consultants, agents, subsidiaries and affiliates and their partners, officers, directors, employees, consultants and agents (collectively, the "Indemnitees") from and against any and all damages (including direct, indirect, incidental and consequential), claims, demands, liens (including, without limitation, mechanic's and materialmen's liens and claims), losses, costs and expenses (including, without limitation, reasonable attorneys' fees, expert fees, court costs and other expenses of litigation), and liabilities of any kind or nature whatsoever suffered or incurred by or threatened or asserted against the Indemnitees as a result of, arising out of or in connection with the performance of the Services, provided that any such matter is caused by the Contractor's or its employees', agents', consultants' or subcontractors' willful misconduct, negligence or breach of this Agreement.

(ECF No. 20 at ¶ 9.)

"A fundamental rule of contract law is that the court should strive to ascertain and give effect to the mutual intent of the parties."  Pepcol Mfg. Co. v. Denver Union Corp., 687 P.2d 1310, 1313 (Colo. 1984).  Under Colorado law, when a contractual provision unambiguously resolves the parties' dispute, there is no need to further interpret the contract.  Level 3 Commc'ns, LLC v. Liebert Corp., 535 F.3d 1146, 1154 (10th Cir. 2008).  Therefore, the contract provides that Defendant JND will be liable for the damages caused by the illegal disposal of the waste at issue here.  Further, Defendant JND received the demand that it pay costs and expenses incurred by Plaintiff related to the NOV and CAO and acknowledged the demand and agreed to be responsible.  (Id. at ¶¶ 13, 14.)

"An agreement to indemnify another is an agreement by one person to hold another person harmless from such loss or damage as may be specified in the agreement."  Alzado v. Blinder, Robinson & Co., 752 P.2d 544, 553 (Colo. 1988)  Colorado courts recognize that "an agreement purporting to indemnify a party against liability for its own negligence will be

1   enforced as written as long as it contains a clear and unequivocal expression that the parties

2   intended that result." Constable v. Northglenn, LLC, 248 P.3d 714, 716 (Colo. 2011).

3        Plaintiff is entitled to a declaratory judgment that Defendant JND has a duty to hold

4   Plaintiff harmless from any judgment or settlement based on the unlawful disposal and any costs

5   or damages occurred in defending the NOV and CAO, and for costs that will incur in the future

6   to remediate the damage caused by the breach of contract.

7        **e.      Negligence Claim Against Defendant Thomas**

8        Plaintiff brings a negligence claim against Defendant Thomas.  Under Colorado law, the

9   elements of negligence are the existence of a duty, a breach of that duty, causation, and

10  damages.[5]  Redden v. SCI Colorado Funeral Servs., Inc., 38 P.3d 75, 80 (Colo. 2001), as

11  modified on denial of reh'g (Jan. 14, 2002); Westin Operator, LLC v. Groh, 347 P.3d 606, 612,

12  reh'g denied (May 11, 2015).  A negligence claim fails where it is predicated on circumstances

13  for which the law does not impose a duty of care, therefore, the first question to be addressed is

14  whether the defendant owed a duty of care to the plaintiff.  HealthONE v. Rodriguez, 50 P.3d

15  879, 888 (Colo. 2002).   In making this determination, the court considers multiple factors,

16  including "(1) the risk involved, (2) the foreseeability and likelihood of injury as weighed against

17  the social utility of the actor's conduct, (3) the magnitude of the burden guarding against injury

18  or harm, and (4) the consequences of placing the burden upon the actor." HealthONE, 50 P.3d at

19  888.  These factors are not exhaustive and "the question of whether a duty should be imposed in

20  a particular case is essentially one of fairness under contemporary standards—whether

21  reasonable persons would recognize a duty and agree that it exists." Id.

22        1.      The allegations in the first amended complaint are insufficient to state a claim of
                 negligence against Defendant Thomas

23  A complaint must contain "a short and plain statement of the claim showing that the

24  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

25  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

26

27  [5] Similarly under California law, "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care;
    (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss

28  or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009).

1   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

2   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Plaintiff's claims must be facially

3   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

4   named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss v. U.S.

5   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has

6   acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

7   liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572

8   F.3d at 969.

9        Plaintiff's first amended complaint alleges that Defendant Thomas is a citizen of

10  California and resides in Riverdale, California.   (ECF No. 20 at ¶ 3.)   Defendant Thomas

11  personally performed, or directed the performance of his employees in the matters set forth in

12  this complaint.   (Id. at ¶ 31.)   Plaintiff contends that Plaintiff fell below the standard of care by

13  directing his employees to dispose of solid waste on property that was not designated for that

14  purpose.   (Id. at ¶ 32.)   However, Plaintiff includes no factual allegations that Defendant is

15  employed by the corporation or that Defendant Thomas' holds a position within the corporation.

16  While it appears that the contract may have been signed by Defendant Thomas, the signature is

17  not legible enough for the Court to make such a finding.   (ECF No. 20-1 at 7, 14, 19.)

18       Although a court must accept as true all factual allegations contained in a complaint, a

19  court need not accept a plaintiff's legal conclusions as true.   Iqbal, 556 U.S. at 678.   "[A]

20  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

21  short of the line between possibility and plausibility of entitlement to relief.'"   Iqbal, 556 U.S. at

22  678 (quoting Twombly, 550 U.S. at 557).   In this instance, Plaintiff has not included any factual

23  allegations to show that Defendant Thomas had any duty of care in regards to Plaintiff.   The

24  Court finds that Plaintiff has not included sufficient factual allegations against Defendant

25  Thomas for the court to draw the reasonable conclusion that he is liable for negligence in this

26  action.   Iqbal, 556 U.S. at 678.[6]   Accordingly, the Court recommends that Plaintiff's request for

27

28  _____

[6] Colorado's economic loss rule provides that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort

default judgment against Defendant Thomas be denied.  As Plaintiff has failed to state a claim against Defendant Thomas, the remainder of this findings and recommendations addresses only the claims against Defendant JND.

### 3.    The Sum of Money at Stake in the Action

The sum of money at stake in this action also weighs in favor of default judgment. Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions.  G & G Closed Circuit Events, LLC v. Nguyen, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012).  In this action, Plaintiff is seeking $105,164.78 in damages, attorney fees and costs.  The Court finds that while the amount of money at stake in the action is significant, it is reasonably proportionate to the harm caused by Defendant's breach of the parties' agreement.  Therefore, this factor weighs in favor of granting default judgment.

### 4.    The Possibility of a Dispute Concerning Material Facts

In this action, Plaintiff has filed a well-pleaded complaint including the elements necessary to prevail on the breach of contract and declaratory relief causes of action alleged against Defendant JND.  The Clerk of the Court has entered default and therefore, the factual allegations in the complaint are taken as true.  There is nothing to suggest that there are genuine of issues of material fact in dispute in this action.  Accordingly, this factor weighs in favor of granting default judgment.

/ / /

---

law."[6]  BRW, Inc. v. Dufficy & Sons, Inc., 99 P.3d 66, 72 (Colo. 2004) (quoting Town of Alma v. AZCO Constr., Inc., 10 P.3d 1256, 1259 (Colo. 2000)).  This rule is applied to determine if tort law or contract law provides the remedy for the plaintiff's loss.  A Good Time Rental, LLC v. First Am. Title Agency, Inc., 259 P.3d 534, 537 (Colo. 2011).  In determining whether an independent tort duty exists, the Court considers whether the contract established the duty of care that is alleged to have been breached.  BRW, Inc., 99 P.3d at 74.  If there is no independent duty of care owed to the plaintiff then the economic loss rule bars the tort claims.  Id.  There are exceptions to the economic loss rule, such as when a party alleges fraud.  A Good Time Rental, LLC, 259 P.3d at 537.

While Plaintiff's claims would be barred under Colorado's economic loss rule, California does not apply the rule to service contracts.  North American Chemical Co. v. Superior Court, 69 Cal.Rptr.2d 466, 467 (1997).  The Court finds that given this conflict between California and Colorado law, and California's greater interest in governing contracts that are performed within the state, it would be against California public policy to apply the economic loss rule in this action.

1        5.      Whether the Default Was Due to Excusable Neglect

2        Defendant has failed to file a responsive pleading, or oppose the motion for default

3    judgment.  Over four months have passed since Plaintiff served the complaint in this action.

4    Additionally, it has been over two months since the Clerk entered default against Defendant.

5    Defendant has been provided with two notices regarding this action and given the amount of

6    time that has passed without Defendant responding, the possibility that the failure to respond is

7    due to excusable neglect is remote.  This factor weighs in favor of granting default judgment.

8        6.      The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring
                 Decisions on the Merits
9

10       Whenever possible cases should be decided on the merits, however, a defendant's failure

11   to answer the complaint "makes a decision on the merits impractical if not impossible."

12   PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. Dec. 27, 2002).

13   In this instance, the other factors in favor of default judgment outweigh the policy favoring a

14   decision on the merits.

15   **C.      Damages**

16       Plaintiff is seeking damages of $88,844.03 for the costs of compliance.  "The measure of

17   damages in a breach of contract action is the amount it takes to place the plaintiff in the position

18   it would have occupied had the breach not occurred."   Technics, LLC v. Acoustic Mktg.

19   Research Inc., 179 P.3d 123, 126 (Colo. 2007), aff'd, 198 P.3d 96 (Colo. 2008).  "The damages

20   remedy is a judicial award in money, payable as compensation to one who has suffered a legally

21   recognized injury or harm.

22       The damages remedy is not conditional, and it is not payable periodically as loss accrues

23   unless a statute so provides." Technics, LLC, 179 P.3d at 126 (quoting 1 Dan B. Dobbs, Dobbs

24   Law of Remedies § 3. 1, at 277–78 (2d ed.1993).)   Therefore, the aggrieved party can

25   immediately sue to recover all damages that flow from the breach whether present or

26   prospective.  Technics, LLC, 179 P.3d at 126.  "Damages must also be 'traceable to and the

27   direct result of the wrong sought to be redressed.' "   City of Westminster v. Centric-Jones

28   Constructors, 100 P.3d 472, 478 (Colo. 2003) (citations omitted).  "Doubts are generally

1  resolved against the party in breach.  A party who has, by his breach, forced the injured party to

2  seek compensation in damages should not be allowed to profit from his breach where it is

3  established that a significant loss has occurred."  Technics, LLC, 179 P.3d at 127 (quoting

4  Restatement (Second) of Contracts § 352 cmt. a (1981).)

5       In support of the request for damages, Plaintiff has submitted invoices from Cascade

6  Earth Services, an environmental consultant.  (ECF No. 23-1 at 25-36.)  Cascade Earth Services

7  was retained to provide technical support for the NOV.  The amount of these invoices subject to

8  the NOV is $60,301.45.  (ECF No. 23 at ¶ 9, ECF No. 23-2 at 1, ECF No. 23-3 at 3.)  Plaintiff

9  has demonstrated that it incurred expenses of $60,301.45 for environmental consultation services

10  to remedy the NOV.

11       Plaintiff is also seeking legal fees incurred in services provided by the Law Firm of

12  Baker, Manock, & Jensen ("BM&J") which was retained to assist in complying with the NOV

13  and negotiating a CAO.  (ECF No. 23 at ¶ 6.)  Generally, under Colorado law, attorney fees are

14  not recoverable in a breach of contract claim.  Bernhard v. Farmers Ins. Exchange, 915 P.2d

15  1285, 1287 (Colo. 1996).  However, an exception exists where the fees which are sought are not

16  merely incidental to the breach, but an explicit benefit of the contract breached by the opposing

17  party.  Berhard, 915 P.2d at 1288.  Here, the agreement of the parties provided that Defendant

18  would hold harmless and indemnify Plaintiff for any damages incurred in remedying any breach

19  of the contract.

20       BM&J invoiced a total of $35,235.12 for services provided to remedy the NOV, and draft

21  and secure a final CAO.  (Id. at ¶ 7.)  The professional services billed by Loren J. Harlow are

22  billed at a rate of $360.00 per hour from July 15, 2015 through December 31, 2015.  (ECF No.

23  23-1 at 2-13.)  From January 2016 through June 2016, Mr. Harlow's services are billed at a rate

24  of $385.00 per hour.[7]  (Id. at 14-23.)  Plaintiff has demonstrated that it incurred reasonable

---

25  [7] The Court takes judicial notice of the State Bar of California website showing that Mr. Harlow is a member of the
environmental law section and has been admitted since 1982.  State Bar of California Attorney Search for Loren

26  Joseph Harlow at http://members.calbar.ca.gov/fal/Member/Detail/105772, last visited January 10, 2017.  The Court
finds no recent Eastern District of California cases addressing the reasonable hourly rate for an attorney practicing

27  environmental law in this division.  However, the Court recently addressed reasonable rates for attorneys with
similar years of experience to Mr. Harlow.  See In re Taco Bell, No. 1:07-cv-01314-SAB (E.D. Ca. July 15, 2016),

28  ECF No. 777 at 24-25.  The Court finds that this is a reasonable hourly rate for Mr. Harlow's services.

expenses of $28,542.58 in responding to the NOV and negotiating a CAO.  (ECF No. 23 at 3; ECF No. 23-3 at 4.)

The Court recommends that damages for entry of default judgment be entered in the amount of $88,844.03.

### D.        Attorney fees and costs

Plaintiff also seeks attorney fees of $21,400.00 and costs of $560.75 pursuant to the contract.  Under Colorado law, attorney fees are not available for a breach of contract claim unless specifically provided for in the contract.[8]  Bernhard, 915 P.2d at 1287 (Colo. 1996).  The agreement entered into by the parties provides that "[i]n the event of any litigation between the parties, the prevailing party shall be entitled to its reasonable attorneys' fees, plus court costs, expert costs and other expenses of litigation."  (By-Product Removal Service Agreement at ¶ 15, ECF No. 20-1.)   The parties' agreement provides for reasonable attorney fees and costs in bringing this action.

Colorado limits attorney fee awards to those reasonably incurred in the litigation. Southern Colorado Orthopaedic Clinic Sports Medicine and Arthritis Surgeons, P.C. v. Weinstein, 343 P.3d 1044, 1047 (Colo. 2014); see also Tallitsch v. Child Support Services, Inc., 926 P.2d 143, 147 (Colo. 1996) ("the amount of the award must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney").  In making the determination of reasonable attorney fees, the court employs the lodestar method in which a reasonable number of hours spent in the action are multiplied by a reasonable hourly rate.  Payan v. Nash Finch Co., 310 P.3d 212, 217 (Colo. 2012).  The trial court "may consider, among other circumstances, the amount in controversy, the length of time

---

[8] Similarly, California law provides that "[a]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. Cal. Civ. Code § 1717(a).  Section 1717 represents a basic and fundamental policy choice of California that nonreciprocal contractual provisions for attorney fees create reciprocal rights to attorney fees.  ABF Capital Corp. v. Grove Properties Co., 23 Cal.Rptr.3d 803, 811 (2005).

1
2
required to represent the client effectively, the complexity of the case, the value of the legal services to the client, and awards in similar cases." Tallitsch, 926 P.2d at 147.

3
4
5
6
Plaintiff is seeking 53.5 hours at a rate of $400.00 per hour for the services of Patrick Markham.  (Decl. of Patrick T. Markham ¶ 2, ECF No. 25.)  The Court has reviewed the billing invoices attached to Mr. Markham's declaration and finds that 53.5 hours is a reasonable number of hours for the services provided in this litigation.

7
8
9
10
11
12
13
14
15
Mr. Markham requests $400.00 per hour stating this is his hourly rate and is typical for this type of work in the Sacramento area.  (ECF No. 25 at ¶ 3.)  The trial court should determine the hourly fee based upon the prevailing market rate of private attorneys in the community. Payan, 310 P.3d at 221.  The Supreme Court has explained that the loadstar amount is to be determined based upon the prevailing market rate in the relevant community.  Blum v. Stenson, 465 U.S. 886, 896 (1984).  The "relevant legal community" for the purposes of the lodestar calculation is generally the forum in which the district court sits.  Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013).  The relevant community here is the Fresno Division of the Eastern District of California.

16
17
18
19
20
21
22
23
24
25
26
27
28
While Mr. Markham does not provide any information regarding his legal experience, the Court takes judicial notice of the State Bar of California website which shows that he has been a member since December 3, 1984.  State Bar of California Attorney Search for Patrick Markham, located at http://members.calbar.ca.gov/fal/Member/Detail/114542, last visited January 10, 2017. Therefore, the Court finds that Mr. Markham has more than thirty years of experience.  In the Fresno Division of the Eastern District of California, attorneys with experience of twenty or more years of experience are awarded $350.00 to $400.00 per hour.  See Sanchez v. Frito-Lay, Inc., No. 1:14-CV-00797 AWI, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 1:14-CV-797-AWI-MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (finding reasonable rate for attorney with twenty years of experience was $350 per hour in a wage and hour class action); Willis v. City of Fresno, No. 1:09-CV-01766-BAM, 2014 WL 3563310, at *12 (E.D. Cal. July 17, 2014) adhered to on reconsideration, No. 1:09-CV-01766-

1  BAM, 2014 WL 4211087 (E.D. Cal. Aug. 26, 2014) (awarding attorneys with over twenty five

2  years of experience $380.00 per hour); Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1169

3  (E.D. Cal. 2011) (finding an hourly rate of $350.00 is near the top range of hourly rates in the

4  Fresno Division and awarding $380.00 per hour to an attorney with 40 years of experience);

5  Silvester v. Harris, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17,

6  2014) (awarding attorneys with twenty years of experience $335.00 and $375.00 per hour);

7  Verduzco v. Ford Motor Co., No. 1:13-CV-01437-LJO, 2015 WL 4131384, at *4 (E.D. Cal. July

8  9, 2015) report and recommendation adopted, No. 1:13-CV-01437-LJO, 2015 WL 4557419

9  (E.D. Cal. July 28, 2015) (awarding attorney with over 40 years of experience $380.00 per hour).

10  The Court finds that $400.00 per hour is a reasonable hourly rate for Mr. Markham based upon

11  his experience and the services provided in this action.

12       Accordingly, the Court recommends that attorney fees be awarded in the amount of

13  $21,400.00.[9]

14       Finally, Plaintiff is seeking costs of $560.75 for the filing fee and service in this action.

15  (ECF No. 25 at ¶ 3.)  The Court notes that the filing fee of $400.00 was paid on August 8, 2016.

16  (ECF No. 1.)  While Plaintiff has not submitted receipts for the costs of service, the Court finds

17  that $160.75 is a reasonable amount for service in this action.   Accordingly, the Court

18  recommends that Plaintiff be awarded costs of $560.75 in this action.

19       **E.       Post Judgment Interest**

20       Plaintiff also seeks post judgment interest.  In a diversity action, post judgment interest is

21  governed by federal law.   Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107 (9th Cir.

22  1998).  Under 28 U.S.C. § 1961(a) post judgment interest is mandatory.  Barnard v. Theobald,

23  721 F.3d 1069, 1078 (9th Cir. 2013).  Section 1961(a) provides that "[s]uch interest shall be

24  calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year

25  constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

26  System, for the calendar week preceding the date of the judgment."

27

28  [9] 53.5 hours at $400.00 per hour.

The purpose of post judgment interest is to compensate the successful litigant for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by the opposing party.   Tinsley v. Sea-Land Corp., 979 F.2d 1382, 1383 (9th Cir. 1992).   The judgment on damages needs to be supported by the evidence to have been ascertained in any meaningful way.   Tinsley, 979 F.2d at 1383.   Plaintiff has succeeded on the merits of his claim against Defendant JND and is entitled to post judgment interest.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's motion for entry of default judgment against Defendant Dennis Thomas be DENIED;

2.   Plaintiff's motion for entry of default judgment against Defendant JND Thomas Company, Inc. be GRANTED as follows:

    a.   Judgment be entered against JND Thomas Company, Inc. for damages in the amount of $88,844.03, attorney fees in the amount of 21,400.00; and costs in the amount of $560.75 for a total judgment of $110,804.78;

    b.   The judgment include post judgment interest;

    c.   Grant the claim for declaratory relief and declare that Defendant JND Thomas Company, Inc.is responsible for all future costs to remediate or comply with the CAO, including legal and consulting costs; and

    d.   Any further money judgment according to this court's declaration must be enforced by further and separate court action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.   Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28

1  U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

2  time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th

3  Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5  IT IS SO ORDERED.

6  Dated:   **January 12, 2017**

                                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28