# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEPRINO FOODS COMPANY, | Case No.  1:16-cv-01181-LJO-SAB |
| Plaintiff, | ORDER VACATING MARCH 8, 2017 HEARING AND GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| JND THOMAS COMPANY, INC., et al., | (ECF No. 31) |
| Defendants. | FOUR-DAY DEADLINE |

Currently before the Court is Plaintiff Leprino Foods Company's application for leave to file an amended complaint.  The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing set on March 8, 2017, will be vacated and the parties will not be required to appear at that time.

## I.

## PROCEDURAL HISTORY

On August 10, 2016, Plaintiff filed this action against Defendants JND and Thomas alleging claims for breach of contract, declaratory relief, implied indemnity, and negligence. (ECF No. 1.)  Defendants JND and Thomas were served on September 6, 2016.  (ECF Nos. 5-1, 5-2.)  On October 28, 2016, entry of default was entered against Defendants JND and Thomas.

1  (ECF Nos. 11, 12.)

2  Plaintiff filed a motion for entry of default judgment on November 23, 2016.  (ECF Nos.

3  13-16.)  On December 12, 2016, an order issued requiring Plaintiff to show cause why the

4  complaint should not be dismissed for failure to properly allege diversity jurisdiction and

5  addressing specific deficiencies in the motion for entry of default judgment.  (ECF No. 19.)

6  Plaintiff filed a first amended complaint on December 16, 2016.  (ECF No. 20.)  On December

7  19, 2016, Plaintiff filed a response to the order to show cause and requested additional time to

8  file a supplemental declaration and evidence.  (ECF No. 21.)  On December 20, 2016, an order

9  issued discharging the order to show cause and granting Plaintiff's request to file a supplemental

10  declaration and evidence.  (ECF No. 22.)

11  On December 22, 2016, Plaintiff filed two declarations in support of the motion for

12  default judgment.  (ECF Nos. 23, 25.)  During oral argument on December 28, 2016, Plaintiff

13  was permitted to file supplemental briefing addressing Colorado law.  (ECF Nos. 26, 28.)  On

14  January 6, 2017, Plaintiff filed a supplemental memorandum of points and authorities.  (ECF No.

15  29.)  On January 12, 2017, the undersigned issued findings and recommendations recommending

16  granting in part and denying in part, Plaintiff's motion for entry of default judgment.  (ECF NO.

17  30.)

18  On January 24, 2017, Plaintiff filed an application to amend the complaint and "further

19  points and authorities in support of motion for default judgment against Dennis Thomas" which

20  the Court construes as objections to the findings and recommendations.  (ECF Nos. 31, 32.)  On

21  January 26, 2017, Plaintiff was ordered to file a supplemental declaration in support of the

22  request for attorney fees.  (ECF No. 33.)  On January 30, 2017, Plaintiff filed a supplemental

23  declaration.  (ECF No. 34.)  On February 10, 2017, Chief Judge Lawrence J. O'Neill issued an

24  order adopting the findings and recommendations in part and granting the motion for entry of

25  default judgment against Defendant JND Thomas Company and holding in abeyance the

26  recommendation regarding Defendant Dennis Thomas subject to decision on the application for

27  leave to amend the complaint.  (ECF No. 35.)

28  / / /

## II.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

## III.

## DISCUSSION

Plaintiff seeks leave to file an amended complaint to cure the deficiencies identified in the findings and recommendations.[1]  Plaintiff seeks to add the following two paragraphs to the complaint:

> Defendant Thomas is a citizen of the state of California, and he resides in Riverdale, California. Defendant Thomas is an employee, the President and CEO of Defendant JND. (Attached as **Exhibit C** is the Statement of Information for JND Thomas filed on January 8, 2007 and re-affirmed on February 18, 2015). Plaintiff is informed and believes Defendant Thomas personally directed the work of JND, and personally directed, oversaw and supervised the acts and omissions alleged below.

---

[1] Pursuant to Rule 5 of the Federal Rules of Civil Procedure no service of the amended complaint is required on a party who is in default unless it asserts a new claim for relief.  Fed. R. Civ. P. 5(a)(2).  Plaintiff's amended complaint does not assert a new claim for relief.

(ECF No. 31-1 at 2 (emphasis in original).)

> Defendant Thomas personally signed the agreement, performed, or directed the performance of his employees at JND in the matters set forth in this complaint. Defendant Thomas owed an independent duty of care to comply with the state of California water code. Specifically, the Regional Board found "the deposition of wastes that could affect the quality of waters of the state without obtaining waste discharge requirements is a violation of Sections 13260 and 13264 of the California Water Code." (Page 2, NOV issued September 21, 2015). Defendant Thomas personally directed the acts and omissions giving rise to the NOV and the violation of the water code. It is foreseeable that violating a water quality statute intended to protect the health and safety of all persons and corporations living and working in California would damage the hiring party, in this case LFC.

Id.

### A.  Factors in Determining if Leave to Amend Should be Granted

In determining whether leave to amend should be granted, the Court addresses the factors of "bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes, 375 F.3d at 808. Plaintiff does not address the factors the Court is to consider in determining if leave should be granted to file an amended complaint.

#### 1.  Bad Faith

Bad faith is shown where the party acts with a wrongful motive. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). There is no evidence that Plaintiff has acted in bad faith in seeking leave to file an amended complaint.

#### 2.  Undue Delay

In assessing undue delay in the Ninth Circuit, the Court is to consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (citations omitted).  Where the new facts or theories sought to be included in the amendment were available prior to a previous amendment to the complaint, the court may conclude that the motion to amend was made after undue delay. Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002).

After the motion for entry of default judgment was filed, the Court reviewed the complaint and issued an order on December 12, 2016, requiring Plaintiff to show cause why the

complaint should not be dismissed. (ECF No. 19.) The order also specifically addressed the deficiencies in the motion for default judgment and required Plaintiff to address the law that applied to the substantive claims in the complaint as well as the sufficiency of the complaint as to each claim for relief asserted. (ECF No. 19 at 4.) Plaintiff filed a response to the order to show cause and requested leave to file an amended complaint that was granted. (ECF Nos. 21, 22.) Plaintiff's first amended complaint was filed on December 16, 2016. (ECF No. 20.)

Additionally, after the hearing on the motion for default judgment, an order issued on December 29, 2016, in which Plaintiff was specifically required to file supplemental briefing regarding the claims against Defendant Thomas including how the allegations in the complaint were sufficient to state a plausible claim against Defendant Thomas. (ECF No. 28.)

Finally, the Court issued findings and recommendations on January 12, 2017, finding that the complaint was insufficient to state a plausible claim against Defendant Thomas and Plaintiff did not file the application for leave to amend until January 24, 2017, approximately two weeks later. (ECF Nos. 30, 31.)

Plaintiff should have been aware by the December 12, 2016 order and no later than the December 29, 2016 order that the complaint was not sufficient to state a negligence claim against Defendant Thomas. Yet, Plaintiff waited until after the Court had issued findings and recommendations addressing the motion for default judgment to bring the current application. Reviewing the two paragraphs which are to be included in the second amended complaint, there are no facts alleged that were not known to Plaintiff at the time that this action was filed. Plaintiff has not provided any reason for the delay in seeking amendment of the complaint. Therefore, the Court finds that Plaintiff did delay seeking leave to file the amended complaint. However, the Court notes that the delay in seeking amendment once it should have been apparent was only about ten weeks, and "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).

3.    Prejudice to the Opposing Party

The most important consideration is prejudice to the opposing party. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). The party opposing the amendment has the burden

of showing prejudice. <u>DCD Programs, Ltd.</u>, 833 F.2d at 187. " 'Undue prejudice' means substantial prejudice or substantial negative effect[.]" <u>Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.</u>, 220 F.R.D. 614, 622 (C.D. Cal. 2003).

In this instance, the claim sought to be amended existed in the complaint filed on August 10, 2016. Defendants were aware of the claim because they were served with the complaint, but they have failed to appear to defend in this action. Accordingly, the Court finds no prejudice to Defendants if leave to file an amended complaint is granted.

4.   <u>Futility of Amendment</u>

In determining whether amendment would be futile, the court uses the same test used in considering the sufficiency of the pleadings in a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). <u>Kuschner v. Nationwide Credit, Inc.</u>, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing <u>Miller v. Rykoff–Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir.1988)). An amendment is futile where it "appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaints." An amendment is therefore futile only where no set of facts can be proven under the amendment that would constitute a valid claim or defense. <u>Kuschner</u>, 256 F.R.D. at 687.

Here, Plaintiff seeks to amend the first amended complaint due to the January 12, 2017 findings and recommendations finding that the allegations were insufficient to state a negligence claim against Defendant Thomas.

Under Colorado law, the elements of negligence are the existence of a duty, a breach of that duty, causation, and damages. <u>Redden v. SCI Colorado Funeral Servs., Inc.</u>, 38 P.3d 75, 80 (Colo. 2001), as modified on denial of reh'g (Jan. 14, 2002); <u>Westin Operator, LLC v. Groh</u>, 347 P.3d 606, 612, reh'g denied (May 11, 2015). A negligence claim fails where it is predicated on circumstances for which the law does not impose a duty of care, therefore, the first question to be addressed is whether the defendant owed a duty of care to the plaintiff. <u>HealthONE v. Rodriguez</u>, 50 P.3d 879, 888 (Colo. 2002). In making this determination, the court considers multiple factors, including "(1) the risk involved, (2) the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, (3) the magnitude of the burden

guarding against injury or harm, and (4) the consequences of placing the burden upon the actor." HealthONE, 50 P.3d at 888.  These factors are not exhaustive and "the question of whether a duty should be imposed in a particular case is essentially one of fairness under contemporary standards—whether reasonable persons would recognize a duty and agree that it exists." Id.

In the January 12, 2017 findings and recommendations, the Court found that the first amended complaint had not included sufficient factual allegations to show that Defendant Thomas had any duty of care to Plaintiff and was insufficient for the Court to reasonably conclude that Defendant Thomas was liable for the negligence alleged.  (ECF No. 30 at 14.) Plaintiff seeks to file a second amended complaint to include allegations that Defendant Thomas was an "employee, the President and CEO of Defendant JND" and "personally directed the work of JND, and personally directed, oversaw and supervised the acts and omissions alleged" in the complaint.  (ECF No. 31-1 at 2.)  Further, Plaintiff seeks to include allegations that Defendant Thomas owed an independent duty of care to comply with the state of California water code and the Regional Board found "the deposition of wastes that could affect the quality of waters of the state without obtaining waste discharge requirements is a violation of Sections 13260 and 13264 of the California Water Code." Id.

The Court does not find the proposed Second Amended Complaint to be futile under the circumstances.

5.    Previous Amendment to Complaint

A court's discretion to grant or deny leave to amend is particularly broad when it has previously permitted amendment of the complaint.  Chodos, 292 F.3d at 1003.  While the fact that Plaintiff has previously been granted leave to amend the complaint, and the facts alleged in the second amended complaint were within Plaintiff's knowledge in filing the previous complaints, weighs against granting the application to file an amendment to the complaint, the Court finds that due to the lack of prejudice to Defendants leave to amend should be granted in this instance.

/ / /

/ / /

1

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   The hearing set for March 8, 2017 at 10:00 a.m. in Courtroom 9 is VACATED;

2.   Plaintiff's application for leave to file a second amended complaint is GRANTED; and

3.   Plaintiff shall file the second amended complaint within four days of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **February 17, 2017**

UNITED STATES MAGISTRATE JUDGE

8