# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEPRINO FOODS COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>JND THOMAS COMPANY, INC., et al.,<br><br>  Defendants. | Case No. 1:16-cv-01181-LJO-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DENNIS THOMAS<br><br>ORDER GRANTING PLAINTIFF 14 DAYS LEAVE TO AMEND THE COMPLAINT<br><br>(Docs. 24, 35) |

On August 10, 2016, Plaintiff filed this action against Defendants JND Thomas Company, Inc. and Thomas alleging claims for breach of contract, declaratory relief, implied indemnity, and negligence. (Doc. 1.) Defendants JND Thomas Company, Inc. and Thomas were served on September 6, 2016. (ECF Nos. 5-1, 5-2.) On October 28, 2016, entry of default was entered against Defendants JND Thomas Company, Inc. and Thomas. (Docs. 11, 12.) Plaintiff filed a motion for entry of default judgment on November 23, 2016, which was referred to a United States magistrate judge pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Docs. 13-16.)

On January 12, 2017, the magistrate judge issued findings and recommendations (F&Rs) recommending granting Plaintiff's motion for default judgment against Defendant JND Thomas Company, Inc. (Doc. 30.) However, the F&Rs found that Plaintiff had not stated a claim against Defendant Thomas and recommended denying default judgment as to Defendant Thomas. (*Id.*)

1

On January 24, 2017, Plaintiff filed a memorandum objecting to the F&Rs on the ground that the deficiencies identified by the magistrate judge could be corrected by amendment, and therefore filed a motion to amend the complaint. (Docs. 31, 32.)

On February 1, 2017, an order issued adopting the January 12, 2017 F&Rs in part, and default judgment was entered against Defendant JND Thomas Company, Inc. (Doc. 35.) The portion of the default judgment against Defendant Thomas was held in abeyance pending resolution of the motion to amend. (*Id.*) On February 17, 2017, the magistrate judge issued an order granting Plaintiff's motion for leave to file a second amended complaint, and an amendment was filed on February 21, 2017. (Docs. 38, 39.) On April 11, 2017, the magistrate judge ordered Plaintiff to file an amended complaint that complied with Local Rule 220. (ECF No. 43.) Plaintiff filed a second amended complaint. (Doc. 44.) By this order, the Court considers the request for entry of default judgment against Defendant Thomas which was held in abeyance.

The Court's decision on whether to enter a default judgment is discretionary. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors that the court may consider in exercising that discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. The magistrate judge evaluated the *Eitel* factors and found that they weighed in favor of granting default judgment for Defendant JND Thomas Company, Inc. This same analysis would apply to the claim proceeding against Defendant Thomas. The magistrate judge found that the complaint was deficient as to the merits of the substantive claim and the sufficiency of the complaint. Accordingly, the Court considers whether Plaintiff's second amended complaint has cured this deficiency.

The magistrate judge found that Colorado law applies to Plaintiff's claims in this action based upon the choice of law provision in the contract. (Findings and Recommendations Recommending Granting Plaintiff's Motion for Default Judgment 8:8-10:13, Doc. 30.) But the

magistrate judge also found that Colorado's economic loss rule was in conflict with California law and therefore would not be applied to the claims in this action. (*Id.* at 18 n.6.)

Under Colorado law, the elements of negligence are the existence of a duty, a breach of that duty, causation, and damages. *Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001), as modified on denial of reh'g (Jan. 14, 2002); *Westin Operator, LLC v. Groh*, 347 P.3d 606, 612, reh'g denied (May 11, 2015). Where the duty of care arises not from common law, but from a statute or ordinance, a plaintiff must show that (1) he or she is a member of the class intended to be benefitted by the statute; and (2) the injury suffered by the plaintiff is of the type the statute was designed to prevent. *Lyons v. Nasby*, 770 P.2d 1250 (Colo. 1989); *Largo Corp. v. Crespin*, 727 P.2d 1098, 1107 (Colo. 1986), superseded on other grounds as stated in *Build It and They Will Drink, Inc. v. Strauch*, 253 P.3d 302 (Colo. 2011); *see also Iverson v. Solsbery*, 641 P.2d 314, 316 (Colo. App. 1982) (finding that purpose of building code was generally to protect public from injuries resulting from substandard or unsafe conditions and therefore plaintiff could not base negligence per se claim on building code violation where injury consisted only of cost incurred for subsequent owner of property to bring premises up to code); *Aetna Cas. & Sur. Co. v. Crissy Fowler Lumber Co.*, 687 P.2d 514, 516 (Colo. App. 1984) (holding that building code was intended to protect the plaintiff from the type of injury he suffered and therefore negligence per se instruction should have been given to jury).

The SAC alleges that Defendant Thomas is the President and CEO of JND Thomas Company, Inc., and personally directed, oversaw, and supervised the disposal of the waste solids at issue in this action. (SAC, Doc. 44, ¶¶ 3, 31.) The improper discharge of waste created a risk to the public and the regulations addressing waste water discharge are enacted to protect water quality. Cal. Water Code §§ 13000, 13241. The California Water Code creates a duty for any individual that is discharging waste to comply with the requirements of the code. Section 13260 of the California Water Code requires a party discharging waste that could affect the water quality in the state to file a report of the discharge. Cal. Water Code § 13260(a)(1). No person can initiate any new discharge of waste or make a material change prior to filing a report as required by section 13260. Cal. Water Code § 13264(a). Plaintiff alleges Defendant Thomas

owed an independent duty of care to comply with the California Water Code. (*Id.* at ¶ 31.)

Plaintiff also alleges that Defendant Thomas either personally performed or directed his employees to perform the disposal of the waste products, and the waste products were disposed of on property where the disposal was not authorized. (SAC ¶ 32.) Plaintiff maintains Defendant Thomas breached the duty of care by failing to dispose properly of or to direct his employees to properly dispose of the waste products under the contract entered into with Plaintiff. Due to Defendant Thomas' failure to dispose of the waste properly, Plaintiff received a notice of violation, was found to be liable for violating the Water Code, and incurred approximately $89,000 in damages to remediate the improper waste disposal. (SAC ¶¶ 11, 12, 15, 31, 34.)

The duty of care Plaintiff alleges arises from statute – i.e., the California Water Code – rather than from the common law.[1] The breach of a duty arising under statute is only actionable where the plaintiff is a member of the class the statute was designed to protect, and where the injury suffered is the type of injury which the statute was enacted to prevent. *Leake v. Cain*, 720 P.2d 152, 162 (Colo. 1986). Here, the California Water Code was promulgated and designed to protect the health, safety, and welfare of the people of the State of California. Cal. Water Code § 13000. As a Colorado corporation, it is unclear how Plaintiff is a member of the class the statute was designed to protect. Moreover, the California Water Code was designed to prevent injuries to people and property stemming from polluted or compromised water quality, but Plaintiff's injuries are limited to monetary fines and remediation expenses for violation of the California Water Code, rather than injuries stemming from compromised water quality. Without membership in the protected class or injuries of the type the California Water Code was designed to prevent, Plaintiff has not adequately alleged Defendant Thomas owed it a duty of care under statute. As such, the sufficiency and merits of the negligence claim against Defendant Thomas

---

[1] A duty arising under statute or ordinance, where breach of the duty is conclusively alleged to occur upon violation of that law, is a claim of negligence per se. "Negligence rests upon the premise that a tortfeasor has a legally imposed duty or a standard of conduct to which he must adhere. *Dare v. Sobule*, 674 P.2d 960, 963 (Colo. 1984). The underlying principle of the common law doctrine of negligence per se is that legislative enactments such as statutes and ordinances can prescribe the standard of conduct of a reasonable person such that a violation of the legislative enactment constitutes negligence. *See Largo Corp. v. Crespin*, 727 P.2d 1098, 1107 (Colo. 1986)." *Lombard v. Colorado Outdoor Educ. Center, Inc.*, 187 P.3d 565, 573 (Colo. 2008).

weighs conclusively against entry of default judgment. *Eitel*, 782 F.2d at 1471-72.

Nonetheless, this is not a finding that as a matter of law Plaintiff cannot state a negligence claim against Thomas. It *may* be possible for Plaintiff to allege a viable negligence claim predicated on a common law. For that reason, Plaintiff will be given a fourth and final opportunity to amend the complaint as it pertains to the negligence claim against Defendant Thomas.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment against Defendant Thomas is DENIED;
2. Within 14 days, Plaintiff may file an amended complaint as it pertains to the negligence claim against Defendant Thomas;
3. If Plaintiff elects not to amend the complaint, the claim against Defendant Thomas will be dismissed and judgment will be entered against JND as set forth in the Court's January 31, 2017, order (Doc. 35).

IT IS SO ORDERED.

Dated: **May 2, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE